IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BILLY D. BURR,
    Plaintiff,

vs.                                Case No. 3:07cv318/MCR/EMT

STATE OF FLORIDA,
    Defendant.
_____/

## ORDER

    Plaintiff, a non-prisoner proceeding pro se, initiated this action by filing what appears to be a civil rights complaint under 42 U.S.C. § 1983 (*see* Doc. 1). Plaintiff has also filed a motion to proceed in forma pauperis (Doc. 12). For good cause shown, leave to proceed in forma pauperis shall be granted.[1]

    However, Plaintiff has failed to use the court-approved form for filing his complaint. Local Rule 5.1(J) for the Northern District of Florida states that the court will not accept for consideration a civil action commenced by pro se litigants under 42 U.S.C. § 1983 unless the appropriate complaint form has been properly completed, signed, and filed by the litigant. Thus, Plaintiff must file his complaint on the form for use in section 1983 cases, even if he wishes to attach separate pages explaining the facts that underlie the complaint.

    If Plaintiff wishes to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Amended Complaint." Plaintiff must limit his allegations to claims

---

[1] Plaintiff is a civil detainee at the Florida Civil Commitment Center (*see* Docs. 1, 2, 3). The Eleventh Circuit has held that the full-payment provision of the Prison Litigation Reform Act does not apply to civil detainees. *See* Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002). Furthermore, civil detainees are not prisoners within the meaning of 28 U.S.C. § 1915(h). *See* Troville, 303 F.3d at 1260. Thus, Plaintiff may be granted leave to proceed in forma pauperis without being required to make full payment of the filing fee. *See* Troville, 303 F.3d at 1260; 28 U.S.C. § 1915(a)(1) & (b)(1).

related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint. Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. Plaintiff's motion to proceed in forma pauperis (Doc. 12) is **GRANTED**.

2. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by non-prisoners in actions under 42 U.S.C. § 1983. This case number should be written on the form.

3. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Amended Complaint."

4. Plaintiff's failure to file an amended complaint may result in a recommendation that this action be dismissed for failure to comply with a court order.

**DONE AND ORDERED** this 17th day of August 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**