IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BILLY D. BURR,
    Plaintiff,

vs.                                        Case No. 3:07cv318/MCR/EMT

JUDGE MICHAEL JONES, et al.,
    Defendants.
_____/

## ORDER

This cause is before the court upon Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 14). Leave to proceed in forma pauperis has been granted (Doc. 13). From a review of the amended complaint, it is evident that the facts as presented fail to support a viable claim for relief under section 1983 as to the named Defendants. Therefore, the court will allow Plaintiff an opportunity to clarify his allegations in a second amended complaint.

Plaintiff, a non-prisoner proceeding pro se, is a civil detainee housed at the Florida Civil Commitment Center ("FCCC") (*see id.* at 2). In his amended complaint Plaintiff has named two Defendants: T. Michael Jones, Circuit Judge of the First Judicial Circuit of Florida, and Larry Kaden, Assistant State Attorney ("ASA") of the First Judicial Circuit of Florida (*see id.* at 1, 2). Plaintiff claims that his Sixth, Eighth, and Fourteenth Amendment rights were violated when he was committed after a jury heard untruthful statements regarding Plaintiff's prior record (*see id.* at 3–continuation page). In short, Plaintiff alleges that Judge Jones allowed ASA Kaden to make certain false statements in open court during a civil commitment proceeding regarding Plaintiff's prior criminal convictions or charges (*see id.*).[1] Plaintiff alleges that this resulted in his civil

---

[1] For example, Plaintiff alleges ASA Kaden made statements regarding a sexual battery charge that was reduced to a simple battery charge (*see* Doc. 14 at 3). In addition, Plaintiff alleges ASA Kaden made statements regarding Plaintiff being charged with the sexual molestation of his daughter when Plaintiff "was only charged with simple battery on his daughter" (*id.* at 3, continuation page).

commitment to FCCC for treatment even though Plaintiff did not commit any sexual crimes (*see id.* at 3–continuation page). For relief, Plaintiff seeks an order directing that all state charges against Plaintiff be dropped and Plaintiff be released from FCCC (*see id.* at 4).[2]

Initially, Plaintiff must clarify the nature of the relief he seeks. To the extent he seeks dismissal of the current charges and release from custody, his action is properly brought in habeas corpus action. The Supreme Court stated in Preiser v. Rodriguez, 411 U.S. 475, 93 S. Ct. 1827, 36 L. Ed. 2d 439 (1973), that "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." Preiser, 411 U.S. at 490; *see also* Prather v. Norman, 901 F.2d 915, 918–19 n.4 (11th Cir. 1990) (per curiam); McKinnis v. Mosley, 693 F.2d 1054, 1057 (11th Cir. 1982). Additionally, 28 U.S.C. § 2254(b) requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must first present to the state courts for consideration each issue upon which the petitioner seeks review in federal court. Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982); Picard v. Connor, 404 U.S. 270, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Galtieri v. Wainwright, 582 F.2d 348 (5th Cir. 1978). Therefore, to the extent Plaintiff seeks dismissal of the current charges, he must present his claims in a habeas corpus action, after he has exhausted avenues of relief that are available in the state courts. *See, e.g.*, Duncan v. Walker, 533 U.S. 167, 176 (2001) (explaining that "federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt").

In addition, Plaintiff is advised that the Rooker-Feldman doctrine places limits on the subject

---

[2]It appears that in the instant federal civil rights complaint Plaintiff is seeking to challenge his civil commitment under Florida law. Part V of Chapter 394, Florida Statutes, is entitled "Involuntary Civil Commitment of Sexually Violent Predators" and is commonly known as the Jimmy Ryce Act (the "Act"). *See, e.g.*, Westerheide v. State, 767 So. 2d 637, 641–42, 643 (Fla. 5th DCA 2000). The Westerheide court described the full procedure that must be followed in order to civilly commit any person as a sexually violent predator. *See id.* at 643–44. In brief, a person convicted of a sexually violent offense and soon to complete his/her sentence is assessed to determine whether he/she meets the definition of a sexually violent predator and a recommendation is filed with the state attorney. *Id.* The state attorney may then file a petition in state trial court alleging that the person is a sexually violent predator and seeking commitment under the Act. *Id.* If a commitment petition is filed, the court must determine whether probable cause exists to believe that the person qualifies as a sexually violent predator subject to commitment. If probable cause is found to exist, the individual has a right to a jury trial and if the jury unanimously finds by clear and convincing evidence that the individual is a sexual predator, he or she will be committed to state custody for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large. *Id.*

matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state-court litigation. *See* Rooker v. Fidelity Trust Co., 263 U.S. 413, 415–16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476–82, 103 S. Ct. 1303, 1311–15, 75 L. Ed. 2d 206 (1983). The Eleventh Circuit has described the Rooker-Feldman doctrine as follows:

> The Rooker-Feldman doctrine provides that federal courts, other than the United States Supreme Court, have no authority to review the final judgments of state courts. The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment. A federal claim is inextricably intertwined with a state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.

Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000) (en banc) (citations and quotations omitted). However, even if a claim is "inextricably intertwined" with the state court's judgment, the doctrine does not apply if the plaintiff had no "reasonable opportunity to raise his federal claim in state proceedings." Powell v. Powell, 80 F.3d 464, 467 (11th Cir. 1996) (quoting Wood v. Orange County, 715 F.2d 1543, 1547 (11th Cir. 1983)). "[A] party's ability to raise a claim on appeal constitute[s] a reasonable opportunity to raise the claim." Blue Cross and Blue Shield of Md., Inc. v. Weiner, 868 F.2d 1550, 1555 (11th Cir. 1989).

Proper application of the Rooker-Feldman doctrine was recently clarified by the United States Supreme Court. The Court stated:

> The Rooker-Feldman doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 125 S. Ct. 1517, 1521–22, 161 L. Ed. 2d 454 (2005) (holding that the doctrine did not apply because the federal suit was filed before the state court judgments were rendered).

In this case, Plaintiff's demand for an order of this court directing that the state court's order of civil commitment be "dropped" or reversed appears to be barred by the Rooker-Feldman doctrine because Plaintiff previously lost in state court and now seeks federal review of the state-court

judgement in this action. *See, e.g.*, Bonham v. Givens, 197 Fed. Appx. 148, 150 (3d Cir. 2006) (unpublished) (affirming the district court's dismissal of a federal civil rights action under the Rooker-Feldman doctrine where plaintiff alleged injuries caused by state court judgments authorizing the continuation of his involuntary civil commitment). Furthermore, if the judgment entered in state court is invalid or illegal, Plaintiff may appeal to the state appellate court. *See, e.g.*, Marshall v. State, 915 So. 2d 264, 265 (Fla. 4th DCA 2005) ("Appellant . . . timely appeals his civil commitment as a sexually violent predator. He raises numerous evidentiary errors . . . ."); § 394.917(1), Fla. Stat. (2006) ("The determination that a person is a sexually violent predator may be appealed."); *see also* Art. 5, § 4(b)(1), Fla. Const. ("District courts of appeal shall have jurisdiction to hear appeals, that may be taken as a matter of right, from final judgments or orders of trial courts . . . ."); Fla. R. App. P. 9.030(b)(1)(A) (providing that "[d]istrict courts of appeal shall review, by appeal, final orders of trial courts."). As such, Plaintiff could raise his constitutional concerns, if any, on appeal, and the exception for proceedings where plaintiff had no reasonable opportunity to raise his federal claim in the state proceedings does not apply here. Thus, to the extent that Plaintiff seeks to challenge state court's order of civil commitment, his complaint also appears subject to dismissal for lack of jurisdiction under the Rooker-Feldman doctrine.[3]

Plaintiff should carefully review the foregoing to determine whether he desires to proceed with this action. If Plaintiff determines that he does not, he should file with the court a notice of voluntary dismissal. If Plaintiff chooses to proceed with this action, he must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." Plaintiff must limit his allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form, and include their

---

[3]In addition, the Eleventh Circuit has explicitly rejected the use of § 1983 as a device for collateral review of state court judgments. Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). In Sibley, the Eleventh Circuit addressed a claim by a civil detainee for damages and remarked that the court should not question whether the order of civil incarceration by the state court was appropriate, but rather whether civil incarceration is a judicial activity rendering the state-court judge absolutely immune from a suit for damages. *See id.* at 1071. With respect to "fix[ing] an erroneous state court judgement," the Eleventh Circuit court explained that a federal court cannot grant plaintiff such relief. *See id.* at 1071, n.3. Thus, in this case Plaintiff's demand that the state "court [] drop any and all civil commitment . . . [orders] that are keeping" Plaintiff at FCCC is not a type of relief that this court may grant. *See id.* at 1071. As such, Plaintiff's complaint is also subject to dismissal under the rational explained in Sibley.

Case No.: 3:07cv318/MCR/EMT

addresses and employment positions in the "Parties" section of the form.  In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts.  If Plaintiff cannot state exactly how a particular Defendant harmed him, he should delete or drop that person as a Defendant from his complaint.  Plaintiff's request for relief should be limited to only that which he could recover if he succeeds on his claims.  Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded.  N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by non-prisoners in actions under 42 U.S.C. § 1983.  This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Second Amended Complaint."  Alternatively, Plaintiff shall file a notice of voluntary dismissal within the same time.

3. Plaintiff's failure to file an amended complaint may result in a recommendation that this action be dismissed for failure to comply with a court order.

**DONE AND ORDERED** this 2nd day of October 2007.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**